IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 14-0176-CG-C |
| | ) | |
| ASHLEY MOONEY RICH and | ) | |
| JOJO SCHWARZAUER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a detainee in the Mobile County Metro Jail, has filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be **DISMISSED WITH PREJUDICE** prior to service of process as frivolous and malicious under 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

**I. Background and Procedural History**

Plaintiff has filed a motion to proceed *in forma pauperis*, has not paid a filing fee, and the review process required by 28 U.S.C. § 1915A is ongoing in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff alleges that since his incarceration at the Mobile Metro Jail on March 11, 2014, he has

been held without a hearing[1] and his constitutional rights have been violated. (Doc. 1, at 4.) Specifically, the plaintiff contends that his 5th, 6th, 8th, and 14th Amendment rights have been violated because he was not provided a hearing within seventy two (72) hours of his arrest, as required by the Alabama Rules of Court. (*Id*. at 4-5.) Accordingly, he filed a claim pursuant to 42 U.S.C. § 1983. (*Id*.) Before the initiation of this action, plaintiff contends that he filed a "grievance" with the Clerk of Court, JoJo Schwarzauer, and the Mobile County District Attorney, Ashley Rich. (*Id.* at 4.) Cole contends that he received no response from the defendants, despite informing Rich and Schwarzauer that his constitutional rights were being violated and the Court was violating the Alabama Rules of Court. (*Id*.)[2] As relief, Cole requests that this Court dismiss the charges against him for which he is being held, as well as release him from custody. (Doc. 1, at 7.)

**II. Prior Litigation History**

    A. **Law requiring disclosure of prior related litigation**.

The federal statute authorizing incarcerated plaintiffs to file complaints *in forma pauperis* also allows for the dismissal of such complaints if they are found to be frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]"); 28 U.S.C. § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

---

[1] Cole was indicted on February 12, 2014. (*See* Doc. 1, at 11.)

[2] It is clear that the plaintiff did not file a grievance with Rich and Schwarzauer; instead, he filed a request for an initial appearance, a motion to dismiss the indictment, and then sent Schwarzauer a letter dated April 3, 2014, informing her again that he had filed the just-referenced motions. (*See* Doc. 1, Exhibits A –C.) And it is clear, from the material provided to this Court, that the plaintiff did receive a response from Schwarzauer, dated April 7, 2014. (*See* Doc. 1, Exhibit D.) The Clerk of Court informed Cole that he was scheduled for arraignment on certain charges on April 10, 2014, and that his first-degree robbery charge was "STILL PENDING GRAND JURY". (*Id*.)

complaint . . . is frivolous [or] malicious[.]"). A claim is frivolous, as a matter of law, where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). In addition, in examining a complaint pursuant to §§ 1915(e)(2) and 1915A(b)(1), the Court must assure that the limitations found in 28 U.S.C. § 1915(g) are not violated. ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a clam upon which relief may be granted . . .").

When examining a complaint under the limitations of 28 U.S.C. § 1915(g), a court "must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]" *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir.1998), *abrogated on other grounds as stated in Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). So, when prisoner plaintiffs misrepresent the extent of their prior litigation history on court-provided complaint forms requiring the disclosure of such history and, further, they have done so under penalty of perjury, their actions are considered an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Id*. at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden,* 498 Fed.Appx. 962, 964 (11th Cir. Nov. 27, 2012) ("[W]e are unpersuaded by Harris's claim that, given his *pro se* status, the district

court abused its discretion in dismissing his complaint as a sanction without allowing him 'to correct' his failure to disclose his prior litigation history.").[3]

**B. Application of Law**

As required in this Court, plaintiff signed a court-provided complaint under penalty of perjury on or about April 17, 2014 (*see* Doc. 1, at 7), and that complaint reached the Court's docket on the same date. A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. (Doc. 1, at 3.) Mr. Cole did not list any prior lawsuit that he had filed in state or federal court dealing with his conditions of confinement. (*Id*.) He failed or refused to offer any identifying information that would have assisted in the search of his prior actions and the resolution of those actions, signifying an attempt to mislead the court as to his prior litigation history. (*Id*.)

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and should be sanctioned, as his attempt to mislead the Court with regard to his litigation history is egregious and knowing. As recent as October of 2004, Cole filed a § 1983 claim in the Southern District of Alabama in which he complained that his constitutional rights were violated due to the Mobile Metro Jail lacking a law library for inmates to use. *See Cole v. Haley*, 04-0674-CG-B, Doc. 1.[4] That claim was dismissed with prejudice as frivolous under 28 U.S.C. §

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] On Aug. 8, 2011, Cole filed another § 1983 action complaining of overcrowded conditions in the Mobile County Metro Jail. *See Cole v. Haley*, 11-0453-CG-M, Doc. 1. That complaint was dismissed due to his failure to prosecute. *Id.*. at Doc. 22.

1915 (e)(2)(B)(i). *Id*. at Doc. 11. Thus, Cole had previous litigation history in this same Court, and had knowledge of the previous suits.

The complaint filed in this action constitutes an abuse of judicial process and, therefore, is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i). Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, this issue alone would warrant dismissal of this action without prejudice. *See Harris, supra.* However, even assuming the plaintiff had disclosed his prior litigation history, the complaint would still be dismissed with prejudice on the grounds of immunity of the named defendants, Rich and Schwarzauer.

### III. Immunity of the Named Defendants

#### A. Immunity Law

Both Rich and Schwarzauer are immune from suit in this matter. While Rich is entitled to absolute immunity, Schwarzauer is immune under the doctrine of absolute quasi- judicial immunity.

First, in examining the law of absolute immunity, the United States Supreme Court has stated that "[w]e now must determine whether the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983. We think they do." *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L.Ed.2d 128 (1976); *see also Rehberg v. Paulk,* 611 F.3d 828, 837 (11th Cir. 2010) ("Traditional common-law immunities for prosecutors apply to civil case brought under § 1983."), *aff'd,* ___ U.S. ___, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012). The Supreme Court in *Imbler* reasoned that "[i]f a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious

5

prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court." 424 U.S. at 424, 96 S.Ct. at 984. Therefore, the Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id*. at 430, 96 S. Ct. at 990; *see also Rehberg, supra,* 611 F.3d at 837-838 ("Absolute immunity [] applies to the prosecutor's actions in initiating a prosecution and in presenting the State's case. Prosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing. A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate. Such absolute immunity also extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." (internal citations, quotation marks and ellipses omitted)). However, a different form of absolute immunity applies to Clerk of Court Schwarzauer.

Clerks of Court are occasionally provided absolute immunity; however, they are usually afforded qualified immunity in most situations. Cole contends that the Mobile County Circuit Clerk of Court violated his constitutional rights, specifically his 5th, 8th, and 14th amendment rights. (Doc. 1, at 4-5.) "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *Jenkins v. Clerk of Court, U.S. Dist. Court, Southern Dist. of Fla.*, 150 Fed.Appx. 988, 990 (11th Cir. Oct. 21, 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.1994)), *cert. denied*, 546 U.S. 1194, 126 S.Ct. 1320, 164 L.Ed.2d 91 (2006). "Nonjudicial officials [such as a clerk] have absolute immunity for their duties that are integrally related to the judicial process." *Id*. Finally,

"[a]bsolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." *Id.*

   **B. Application of Law**

In applying the binding law from the Eleventh Circuit, it is clear that immunity applies to both of the named defendants, however for different reasons. First, it is well settled in the Eleventh Circuit that a District Attorney enjoys absolute immunity from a suit against her for actions "'in initiating a prosecution and in presenting the State's case.'" *Rehberg, supra,* 611 F.3d at 837, quoting *Imbler, supra,* 424 U.S. at 431, 96 S.Ct. at 995. As stated in *Imbler*, if a District Attorney had to fear § 1983 suits while carrying out her duties, it would impede her ability to do her job. Because any and all functions taken by Rich in this instance—as identified by Cole in his complaint—were related to her role as an advocate for the State of Alabama, Rich is absolutely immune from this § 1983 suit. Schwarzauer is also immune, but the analysis is one that is different.

Although Cole contends Schwarzauer violated his constitutional rights, he does not explain how the Clerk of Court violated these rights since she had no responsibility for ruling on the motions he filed and she certainly responded to his April 3, 2014 letter by advising him of his arraignment date on certain charges and that the one charge was still pending before the grand jury. (Doc. 1, Exhibit D.)  As stated in *Jenkins*, a Clerk of Court can possibly enjoy absolute immunity; however, this depends on the action the Clerk took which brought about the accusation of a violation of rights. As previously discussed, Cole contends that his constitutional rights have been violated due to his imprisonment without a hearing, as well as getting no response from the Clerk of Court upon filing a "grievance." Without addressing the validity of these claims, it is clear to the undersigned that the actions taken by the Clerk—in simply

7

docketing Cole's motions and in responding to his letter of inquiry dated April 3, 2014 –were integrally related to the judicial process, thereby providing Schwarzauer absolute immunity from this suit.

Therefore, as both named defendants are immune from suit, the complaint should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is further recommended that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [ ] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir.2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 22nd day of July, 2014.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**